UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

JACKIE FISHER,

    Petitioner,

V.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. 7:19-cv-63-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Jackie Fisher is an inmate at the United States Penitentiary—McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Fisher seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] The matter is now before the Court on initial screening. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons that follow, the Court will deny Fisher's petition.

In 2013, Fisher pled guilty to possessing marijuana with the intent to distribute in violation of 21 U.S.C. § 841 and to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See United States v. Fisher*, Case No. 1:12-cr-190-RFF (W.D. Mich. 2012), at R. 18. During sentencing, the trial judge noted that Fisher was subject to the United States Sentencing Guidelines career offender enhancement but that it ultimately had no impact on his offense level because of his extensive criminal history. *Id.* at R. 43. Fisher was sentenced to 160 months imprisonment. *Id.* at R. 39. He went on to appeal his sentence, but the Sixth Circuit

Court of Appeals affirmed.[1] *United States v. Fisher*, 572 F. App'x 323 (6th Cir. 2014). Fisher also moved to vacate his sentence in a 28 U.S.C. § 2255 habeas petition, but his efforts were ultimately unsuccessful. *See Fisher v. United States*, Case No. 1:15-cv-851-RJJ (W.D. Mich. 2015).

Fisher has now filed a § 2241 petition with this Court. [R. 1.] Fisher's primary argument is that, in light of the Sixth Circuit's recent en banc decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. June 19, 2019), he is no longer a career offender for purposes of his United States Sentencing Guideline enhancement and he should thus be resentenced. [R. 1-1.] Fisher's petition, however, constitutes an impermissible collateral attack on his conviction and sentence.

Although a federal prisoner may challenge the legality of his conviction and sentence on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 habeas petition). A § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). While there are exceptions under which federal prisoners have been permitted to challenge the validity of their sentences in a § 2241 petition, the exceptions are limited. The Sixth Circuit has explained that a prisoner can only proceed in this manner if he can establish his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or show that his sentence was improperly enhanced under the mandatory Guidelines regime, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2012).

---

[1] On appeal, Fisher did not challenge the career offender enhancement he challenges now but rather only appealed his three-level obstruction of justice enhancement.

Here, Fisher has not met the requirements set forth in either *Wooten* or *Hill*. Fisher does not contend he is actually innocent of either of his two offenses of conviction for purposes of *Wooten*. *See* 677 F.3d 303. And he fails to satisfy the limited terms of *Hill v. Masters*. The basis of Fisher's § 2241 petition is that his career offender enhancement is no longer valid in light of the Sixth Circuit's en banc *Havis* ruling. More specifically, Fisher claims that one of the predicate offenses used to apply his career offender enhancement no longer qualifies because of *Havis* and, thus, the enhancement itself no longer applies. [*See* R. 1; R. 1-1.] Fisher believes he can challenge this enhancement in the present § 2241 petition because of *Hill*, but the Sixth Circuit limited *Hill* to the following narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Hill,* 836 F.3d at 599-600. These circumstances do not apply in Fisher's case.

Importantly, the trial court sentenced Fisher in 2013, well after the Supreme Court's decision in *Booker* made the sentencing guidelines advisory rather than mandatory. *See Fisher*, Case No. 1:12-cr-190-RFF (W.D. Mich. 2012). On this basis alone, Fisher's claim does not fall within *Hill*'s limited framework. *See Loza-Gracia v. Streeval*, No. 18-5923 (6th Cir. March 12, 2019) ("Loza-Gracia cannot proceed under *Hill* because he was sentenced in 2011, long after the Supreme Court's January 2005 *Booker* decision made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does

not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence").

Fisher has also failed to identify a subsequent, retroactive change in statutory interpretation by the Supreme Court that reveals that a previous conviction is not a predicate offense for purposes of his career offender enhancement. Instead, Fisher relies on *Hill v. Masters* itself, the Sixth Circuit's *Havis* decision, and the Fourth Circuit case *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). These are not Supreme Court opinions that articulate retroactive changes in relevant statutory interpretation. Fisher has thus failed to meet *Hill*'s third requirement, and he may not attack his sentence enhancement in this § 2241 petition.

Accordingly, the Court hereby **ORDERS** as follows:

1. Fisher's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

3. Judgment will be entered contemporaneously herewith.

Dated September 11, 2019

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY